J-S52024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALAN L. BARKMAN | |
| Appellant | No. 111 WDA 2015 |

Appeal from the Judgment of Sentence December 3, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001016-2014
CP-25-CR-0001850-2014

BEFORE: SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 15, 2015**

Appellant, Alan L. Barkman, appeals from the judgment of sentence entered on December 3, 2014, following his guilty plea to driving under the influence of alcohol (DUI) – high rate of alcohol and DUI – highest rate of alcohol.[1]    Because of the new convictions, the trial court also revoked a probationary sentence that Appellant was serving on an underlying DUI offense. The trial court resentenced Appellant on that crime as well. In this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel complied with

---

[1] 75 Pa.C.S.A. §§ 3802(b) and 3802(c), respectively.

the procedural requirements necessary for withdrawal. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We summarize the factual and procedural history of this case as follows. On October 7, 2014, Appellant pled guilty to the two aforementioned DUI charges. Those charges were the result of two separate DUI arrests occurring within two months of each other. At the time of the plea, Appellant was on probation for a prior DUI. N.T., 12/3/2014, at 9. On December 3, 2014, the trial court found Appellant in violation of his probation and resentenced him on his prior DUI and also imposed a sentence for the new convictions. In sum, the trial court sentenced Appellant to an aggregate term of 56 to 180 months of incarceration with credit for time served. The trial court also found Appellant was eligible for the Recidivism Risk Reduction Incentive (RRRI) program and reduced his aggregate minimum sentence from 56 to 42 months of incarceration. This timely appeal followed.[2]

_____

[2] Appellant filed a motion to reconsider his sentence on December 10, 2014. The trial court denied relief by an order filed on December 15, 2014. On January 14, 2015, Appellant filed a notice of appeal. On January 26, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 29, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 12, 2015, stating Appellant's sentence "was appropriate in light of all the factors [the trial court] considered (pre-
*(Footnote Continued Next Page)*

On appeal, Appellant's counsel included one issue in his ***Anders*** brief:

> Whether [] [Appellant's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

***Anders*** Brief at 3.

Before reviewing the merits of this appeal, however, this Court must first determine whether counsel fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Washington***, 63 A.3d 797, 800 (Pa. Super. 2013). To withdraw under ***Anders***, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa. Super. 2012), *quoting* ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record;
>
> (2) refer[s] to anything in the record that counsel believes arguably supports the appeal;

*(Footnote Continued)* ───────────

sentence report, revocation summary, etc.) and the facts and circumstances of the crimes committed, as well as [Appellant's] performance while under supervision." Trial Court Opinion, 2/12/2015, at 1.

(3)    set[s] forth counsel's conclusion that the appeal is frivolous; and

(4)    state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Washington*, 63 A.3d at 800, *quoting* **Santiago**, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention, and attach[] to the **Anders** petition a copy of the letter sent to the client." **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted).  It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.  In the case at bar, counsel has met all of the above procedural obligations.[3]  We now turn to the issue raised in the **Anders** brief.

_____

[3]   Appellant has not filed a response to counsel's **Anders** brief.

The **Anders** brief contends that the trial court abused its discretion in imposing an excessive sentence. This claim does not challenge the revocation of Appellant's probation or the fact that the trial court imposed a sentence of total confinement upon Appellant. Rather, Appellant's claim challenges the discretionary aspects of his sentence. **Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007); **see also Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa. Super. 2008) ("when

a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). As previously noted, Appellant filed a timely notice of appeal and the issue was properly preserved in a post-sentence motion. Counsel's **Anders** brief also has a statement pursuant to Pa.R.A.P. 2119(f). Thus, we turn to whether the appeal presents a substantial question.

As we have explained:

> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

Appellant's position is that the imposition of multiple consecutive sentences is disproportionate to his crimes. "This Court has [] determined that such an assertion, in combination with allegations that a sentencing court did not consider the nature of the offenses or provide adequate reasons for its sentence, presents a plausible argument that the length of the sentence violates fundamental sentencing norms." **Commonwealth v. Dodge**, 77 A.3d 1263, 1271-1272 (Pa. Super. 2013).

In sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." **Commonwealth v. Russell**, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

We also note that when the trial court has the benefit of a presentence investigation (PSI) report, "we presume the court was aware of and weighed information concerning Appellant's character when making its sentencing decision." **Commonwealth v. Moury**, 992 A.2d 162, 175 (Pa. Super. 2010).

Here, before imposing Appellant's sentence, the trial court:

> [C]onsidered the Pennsylvania Sentencing Code, the [PSI], and the Pennsylvania Guidelines on Sentencing as they appl[ied] to the new charges. The [c]ourt [] also considered the revocation summary, the statements of defense counsel, [Appellant], and the attorney for the Commonwealth. The [trial c]ourt [] considered [Appellant's] age, background, character, and rehabilitative needs, the nature, circumstances, and seriousness of the offenses, the protection of the community, and [Appellant's] performance while under supervision.

N.T., 12/3/2014, at 13.

Because the trial court had the benefit of a PSI report, we presume it considered Appellant's character in rendering its decision. **Moury**, 992 A.2d

at 175. Moreover, the trial court specifically examined the factors under Section 9721. The trial court determined that Appellant presented "a danger to other people" because in the two recent DUI offenses, Appellant's blood alcohol level was "in the one case, [] over three times the legal limit, and [in] the other case just slightly less [than] twice the legal limit." N.T., 12/3/2014, at 13. In the first instance, Appellant was "found slumped over the wheel of a vehicle with [his] foot pressed on the accelerator in the McDonald's parking lot in Edinboro." *Id.* at 14. In the other incident, Appellant was "driving on busy Route 19 crossing over the double line and fog lines on several occasions [with] a blood alcohol level of .284 [%]." *Id.* The trial court noted that "on each of those occasions, [it was] indeed fortunate [Appellant] or someone else wasn't seriously injured." *Id.* The trial court also considered letters written on Appellant's behalf from seven members of the community, as well as the fact that a number of people were present to support Appellant at sentencing. *Id.* at 8, 15-16. Ultimately, the trial court determined Appellant was not amenable to rehabilitation, because he had six previous DUIs since 1979 and was on probation following intermediate punishment at the time of his seventh infraction. *Id.* at 14-17. The trial court concluded that Appellant was jailed multiple times and given opportunities for rehabilitation, but "[n]one of that deters" him. *Id.* at 17.

Based upon the foregoing, we discern the trial court did not abuse its discretion in imposing Appellant's sentence. The trial court had the benefit

of a PSI report, so we presume the trial court was aware of Appellant's individual circumstances. The trial court went further, however, and, on the record, carefully considered the protection of the public, the gravity of the offenses as they related to the impact on the community, and the rehabilitative needs of Appellant before imposing a sentence of total confinement. Ultimately, the trial court concluded that Appellant is a danger to himself and the community and that prior incarceration did not deter him for well over 30 years.

Moreover, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015